AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

## For The District of Columbia

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL COMPLAINT** |
| V. | |
| **DAVID ERIKSON MCINTOSH** | CASE NUMBER: |
| DOB:  X/X/XX | |

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.  On or about April 18, 2005 through the middle of August 2005, in the District of Columbia, and elsewhere the defendant did, (Track Statutory Language of Offense)

See Attached Affidavit.

in violation of Title   18   United States Code, Section(s) 371; 1344; 513(a); 2314; and 2.

I further state that I am Kelly Bender, Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

**See Attached Affidavit**

Continued on the attached sheet and made a part hereof:       ☒ Yes       ☐ No

Signature of Complainant
Kelly Bender, Special Agent
Federal Bureau of Investigation

AUSA, Daniel P. Butler   (202) 353-9431
Sworn to before me and subscribed in my presence,

_____        at        Washington, D.C.
Date                                                              City and State

_____                  _____
Name & Title of Judicial Officer                       Signature of Judicial Officer

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
# AND ARREST WARRANT

I, KELLY D. BENDER (hereinafter "affiant"), a Special Agent with the Federal Bureau of Investigation (hereinafter "FBI"), having been duly sworn, hereby depose and state as follows:

A. OBJECTIVE

This affidavit is presented in support of a criminal complaint against and an arrest warrant for David Erickson McIntosh (hereinafter "MCINTOSH") charging him with violating the federal statutes involving conspiracy, 18 U.S.C. § 371; bank fraud, 18 U.S.C. § 1344; possession of forged securities, 18 U.S.C. § 513(a); interstate transportation of stolen property, 18 U.S.C. § 2314; and aiding and abetting, 18 U.S.C. § 2. As shown below there is probable cause to believe MCINTOSH has committed these offenses.

B. CREDENTIALS

Affiant is an FBI Special Agent assigned to the Financial Institutional Fraud Squad, Falls Church, Virginia. Affiant has been an FBI Special agent for eleven years. My duties include, but are not limited to, the investigation of alleged violations of Federal criminal statutes which involve financial institutions and the preparation, presentation and service or criminal complaints, arrest and search warrants. Affiant is a federal law enforcement officer under applicable provisions of the United States Code and under Rule 41(a) of the Federal Rules of Criminal Procedure

C. SOURCE OF EVIDENCE

The facts set forth in this affidavit are based upon affiant's personal knowledge, knowledge obtained during my participation in this investigation, knowledge obtained from other individuals including review of documents related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through training and experience. Since this affidavit is being submitted for the limited purpose of

supporting a criminal complaint and arrest warrant, I have not included every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause that the defendant named herein has violated the statutes set forth above in paragraph A.

### D.  RELEVANT STATUTE

1. Conspiracy, 18 U.S.C. § 371

This statute provides, in relevant part, as follows:

"If two or more persons conspire . . . to commit any offense against the United States . . . and one or more of such persons do any act to effectuate the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both."

2. Bank Fraud, 18 U.S.C. §1344

This statute provides as follows:

"Whoever knowingly executes, or attempts to execute, a scheme or artifice —

(1) to defraud a financial institution; or

(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

Shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both."

Title 18, United States Code, Section 20(2), provides, in relevant part, that: "As used in this title, the term 'financial institution means– (1) an insured depository institution (as defined in section 3(c)(2) of the Federal Deposit Insurance Act)[.]"

3. <u>Securities of Private Entities, 18 U.S.C. § 513(a)</u>

This statute provides in relevant part as follows:

"[W]hoever . . . possesses a forged security of . . . an organization, with intent to deceive another person [or] organization . . . shall be fined under this title or imprisoned not more than ten years, or both."

4. <u>Interstate Transportation of Stolen Property, 18 U.S.C. § 2314</u>

This statute provides in relevant part the following:

"Whoever transports, transmits, or transfers in interstate . . . commerce any . . . securities . . . of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud. . . [s]hall be fined under this title or imprisoned not more than ten years, or both."

5. <u>Aiding and Abetting, 18 U.S.C. § 2</u>

Title 18, United States Code, Section 2, provides that:

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States is punishable as a principal.

E.  <u>FACTUAL BACKGROUND</u>

1. MCINTOSH was hired as a temporary employee at Applied Technology Systems Inc. in Arlington, Virginia (hereinafter "Applied Technology"), from approximately April 18, 2005, to approximately mid-August of 2005, as an Accounts Payable Clerk. MCINTOSH's job duties included filing, data processing and assistance with accounts payable.

2. In approximately the middle of August of 2005, MCINTOSH resigned from Applied Technology with one day's notice claiming he had pregnant girlfriends in Washington, D.C., and Miami, Florida.

3. Several weeks after MCINTOSH's departure, a bank reconciliation conducted by the Chief Financial Officer (hereinafter "CFO") for Applied Technology revealed four Applied Technology checks out of sequence.

4. An investigation by the Accounting Department Controller for Applied Technology revealed four checks were stolen and fraudulently processed with the forged signature of the CFO, who was the authorizing official, for a loss of $96,229.03. The following four checks were determined to be stolen: Check #6281, made payable to a company in California (hereinafter "California company") in the amount of $43,200.27; Check # 6282, made payable to the California company in the amount of $48,728.52; check number #6285, made payable to an individual (hereinafter "subject #1") in the amount of $3,000.12; and check #6415 made payable to an individual (hereinafter "subject #2") in the amount of $1,500.12.

5. The stolen checks were drawn on the account of Applied Technology at Sky Bank. Sky Bank is Headquartered in Bowling Green, Ohio. It has incurred an approximately $96,000 loss as a result of this fraud. Sky Bank, at all relevant times, was insured by the Federal Deposit Insurance Corporation.

6. On October 24, 2006, affiant interviewed subject #1. Subject #1 met MCINTOSH while attending Howard University in Washington, D.C. Subject #1 recalled MCINTOSH asking him/her to cash a check for him from work, as a favor. MCINTOSH provided the check to subject #1 the

next day. Subject #1 deposited the check which was made payable to him/her in the amount of $3,000.12, into his/her bank account. Subject #1 said s/he then wrote MCINTOSH a check for $3,000 from his/her bank checking account.

      7. A review of subject #1's Bank of America account revealed check number 6285, drawn on Applied Technology made payable for $3,000.12, was deposited into the account on approximately August 2, 2005, at the Georgia Avenue Branch in Washington, D.C.

      8. Further review of the subject #1's bank account revealed on August 5, 2005, check number 1033, made payable to MCINTOSH, was drawn on the account for $3,000.00.

      9. A review of MCINTOSH's Industrial Bank account in Washington, D.C., revealed check number 1033, for $3,000.00, made payable to MCINTOSH was deposited into the account on August 4, 2005, at the Northeast Branch in Washington, D.C.

      10. On November 1, 2006, affiant interviewed subject #2. Subject #2 said MCINTOSH asked him/her to cash a check in the amount of $1,500.12 for subject #2 in approximately August of 2005. Subject #2 recalled the check was made out to him/her. When subject #2 asked MCINTOSH why the check was made out to him/her, MCINTOSH instructed subject #2 not to worry about it. After depositing the check in his/her account in Miami, Florida, subject #2 provided MCINTOSH his/her ATM number which he used to withdraw the money from subject #2's account.

      11. A review of subject #2's bank account revealed on approximately August 23, 2005, a deposit of $1,500.00.

      12. On approximately November 1, 2006, affiant interviewed MCINTOSH by telephone. MCINTOSH told affiant he made a terrible mistake concerning the two Applied Technology checks and that he was responsible for creating the checks. MCINTOSH stated he drafted the check number #6415 and #6285 using the electric typewriter in an office of Applied Technology in

Arlington, Virginia. MCINTOSH advised he forged the signature of the CFO, the authorizing official on the checks.

13. On approximately November 27, 2006, MCINTOSH was interviewed by an FBI Special Agent in Miami, Florida, and admitted to stealing all four blank checks from Applied Technology while working at the company. MCINTOSH said he wrote out two of the stolen checks: one to subject #1 in the amount of $3,000.12, and the other to subject #2 in the amount of $1,500.12. MCINTOSH provided the other two stolen checks to a friend of subject #1 (hereinafter "subject #3").

14. On approximately December 8, 2006, MCINTOSH told the affiant by telephone he had provided two blank Applied Technology checks to subject #3 while in chemistry class at Howard University in Washington, D.C. MCINTOSH said he gave the checks to subject #3 because he did not want them anymore.

15. A review of the California company bank account (*see* paragraph E4, above) revealed on August 16, 2005, check number 6282, drawn on Applied Technology, for $48,728.52, and on August 18, 2005, check number 6281, drawn on Applied Technology, for $43,000.27 were deposited into the California company's Bank of America accounts at the branches, respectively, on Georgia Avenue in Washington, D.C., and on Riverdale Road, in Riverdale, Maryland.

16. MCINTOSH is described as a black male, 24 years old, approximately 5 feet, 9 inches tall, weighing approximately 160 pounds, black hair, brown eyes, with a light complexion. His address is xxxx xx xxth xxxxxx, xxxxxxxxx xxxx, xxxxxx xxxx xxxxx, xxxxxxx xxxxx. MCINTOSH is a Jamaican national who last entered the United States on June 2, 2004, through Miami, Florida. He entered on a J-1 visa as an exchange visitor through the Council on International Educational Exchange.

F.  CONCLUSION

Based on the foregoing, affiant respectfully submits that there is probable cause to believe that MCINTOSH has engaged in the crimes set forth in Paragraph A, above.  Wherefore, affiant respectfully requests that a complaint and a warrant be issued authorizing the arrest of MCINTOSH for the above-stated violations of Title 18, United States Code, Sections 371, 1344, 513(a), 2314, and 2.

                                                                                    _____
                                                                                    Kelly D. Bender
                                                                                    FBI Special Agent

Subscribed and sworn to before

me this _____ day of June, 2007.

_____
THE HONORABLE JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLUMBIA